UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASHANPREET JASHANPREET (A-246-259-358), | No. 1:26-cv-2173 TLN CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, MESA VERDE ICE PROCESSING FACILITY, et al., | |
| Respondents. | |

Petitioner Jashanpreet Jashanpreet (A-246-259-358), a native and citizen of India who is proceeding through counsel, entered the United States on April 9, 2023. Petitioner has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was initially detained by U.S. Customs and Border Protection inside the United States and released on or around April 9, 2023 on parole. On or around September 25, 2025, petitioner was arrested and re-detained and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

I.     **FACTUAL BACKGROUND**[2]

Petitioner is a native and citizen of India. (ECF No. 1 at 26.) On April 9, 2023, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection. (Id. at 26, 32.) On or around April 9, 2023, petitioner was released on parole. (Id. at 2, 32.) On April 11, 2023, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings,[3] charging petitioner with violating Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)) as a noncitizen who entered the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 26-28.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id. at 26.) Thereafter, petitioner filed an application for asylum with the immigration court. (Id. at 30.) Petitioner has no criminal convictions and has not violated any conditions of his release. (Id. at 32-34, 42.)

On or about September 25, 2025 petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers. (Id. at 33-34, 44.) Petitioner was not provided with a pre-deprivation bond hearing. (Id. at 24.) Petitioner has been in continuous detention since September 25, 2025. (Id. at 44-45, 47.) Respondents do not contest petitioner's factual allegations as respondents failed to file a response to the petition though they were provided with the opportunity to do so. See Docket.

II.     **PROCEDURAL BACKGROUND**

On March 19, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.)

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 26-40.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents were provided with the opportunity to file a response to the petition but did not do so, and therefore, the facts alleged in the petition are undisputed. (See Docket.)

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

On March 19, 2026, the assigned district judge ordered petitioner to file a motion for a temporary restraining order if he seeks emergency relief. (ECF No. 3.) Petitioner did not file a motion for a temporary restraining order, and the matter was referred to the undersigned for further proceedings. (ECF No. 5.) On March 26, 2026, this Court directed respondents to file an answer or motion to dismiss within seven days. (ECF No. 6.) More than seven days passed and respondents did not file a response to the petition or a request for an extension. See Docket. Accordingly, briefing is complete.

**III.    LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises the following claims: (1) prolonged detention in violation of the Fifth Amendment; (2) violation of 8 U.S.C. § 1225(b); and (3) violation of 8 U.S.C. § 1226(a). (ECF No. 1 at 10-24.)

**A.    Claim Three**

In claim two, petitioner argues that the Government claims he is detained pursuant to 8 U.S.C. § 1225(b). (ECF No. 1 at 14-19.) In claim three, petitioner argues that he is actually

3

detained pursuant to 8 U.S.C. § 1226(a) and did not receive a pre-deprivation bond hearing to which he was entitled under this statute.  (Id. at 19-24.)  8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing."  Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

The Court concludes that § 1226(a) applies to petitioner.  This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting the Government's new interpretation[4] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-

---

[4]  Though the Government did not file a response to the petition, in the many similar cases before this district court that have been filed since fall 2025, the Government has taken a new interpretation and approach to Sections 1225 and 1226.  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

4

Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.").

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

In other similar cases, the Government has relied on Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and the Court addresses this case in an abundance of caution where respondents did not respond to the petition.  In Buenrostro-Mendez, the Fifth Circuit recently agreed with the government's new interpretation of § 1225(b)(2).  This Court agrees with the district court in Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026):

> Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted.  See Castañon-Nava

5

v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); Buenrostro-Mendez v. Bondi, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the Buenrostro-Mendez decision. Doc. 9 at 1. The Court finds the analysis in Castañon-Nava and in the dissent in Buenrostro-Mendez to be more persuasive on the statutory interpretation issue."

Gurvinder Singh, 2026 WL 413839, at *1 n.1. This Court does not find Buenrostro-Mendez to be persuasive for the reasons provided above. See also Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1052 (7th Cir. 2025)); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same).

Following the majority of courts, this Court also rejects the interpretation of 8 U.S.C. § 1225(b)(2)(A) to apply to petitioner and the argument advanced by the Government in other similar cases that petitioner is an "applicant for admission" subject to § 1225(b)(2). This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner was initially detained and released by immigration authorities on parole in April 2023, he has resided in this country for approximately 2.5 years prior to his re-detention, he has no criminal record, and petitioner's September 2025 arrest and re-detention were not upon his arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 CFR §§ 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such,

6

petitioner should have been provided a bond hearing before his re-detention and is entitled to relief as to this claim.

### B.   Petitioner's Other Claims for Relief

In light of the Court's recommendation that petitioner's requested relief be granted on claim three (violation of 8 U.S.C. § 1226(a)), petitioner's remaining habeas corpus claims (claims one and two) need not be resolved.

## V.   CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim three alleging violation of 8 U.S.C. § 1226(a).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim three.

2. Respondents be ordered to IMMEDIATELY release petitioner Jashanpreet Jashanpreet (A-246-259-358) and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of

7

the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Jash2173.imm.rel/2